UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MYAGMARJARGAL MYAGMARJAV,<br><br>Petitioner,<br><br>v.<br><br>BRISON SWEARINGEN Clay County Sheriff, *et al.*,<br><br>Respondents. | ) | No. 2:26-cv-00529-MPB-MKK |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Myagmarjargal Myagmarjav filed a petition for a writ of habeas corpus seeking his release from the Clay County Jail, where he was detained on behalf of federal immigration authorities. Dkt. 1. He was released on August 4, 2026, after paying a $10,000 bond. Dkts. 12, 13. The Court now denies the petition to the extent it requests additional relief and directs the entry of final judgment.

**I. Background**

Petitioner is a citizen and national of Mongolia. Dkt. 9-1 at 2. In December 2024, he entered the United States with an F2 visa set to expire after six months. *Id.* at 7; dkt. 1 at 7. He promptly applied for asylum. Dkt. 11-1. That application remains pending.

Petitioner did not depart the United States, renew his visa, or otherwise obtain a lawful immigration status after his F2 visa expired.

U.S. Immigration and Customs Enforcement (ICE) officers arrested Petitioner, his wife, and their minor children on July 21, 2026, after they checked in for a flight at O'Hare Airport.

Dkt. 8-1 at 6. The government initiated a removal proceeding pursuant to 8 U.S.C. § 1229a. *Id.* at 2.

Petitioner filed his habeas petition on July 23, arguing that there was no lawful basis for his detention. Dkt. 1. Respondents answered on July 31, arguing that Petitioner was lawfully detained under 8 U.S.C. § 1226(a) for the pendency of his removal proceeding. Dkt. 9. Petitioner replied on August 4, noting that he had been granted bond but not yet released. Dkt. 11 at 2. He argued that his detention, requiring him to post bond, or any conditions of supervision are unlawful because he timely applied for asylum after entering the United States with a valid visa and the government did not abide with its own timelines for adjudicating his application. *Id.*

On August 5, Respondents notified the Court that Petitioner has been released on bond and asked the Court to deem the habeas action moot. Dkt. 12. Petitioner responded the following day and argued that there remains a justiciable case or controversy because he remains in custody while released on bond. Dkt. 13. The parties have since reiterated those arguments in an amended petition and response. Dkts. 14, 15.

**II. Mootness**

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Respondents ask the Court to dismiss the action as moot due to his release from detention. However, Petitioner is still "in custody" for purposes of § 2241. Following his release on bond, Petitioner is subject to conditions of supervision, "including, but not limited, to [*sic*] wearing an electronic monitoring device, Intensive Supervision Appearance Program (ISAP) protocols, Enhanced Supervision/Reporting (ESR) protocols, telephonic reporting, radio frequency with ankle bracelets, and/or global positioning system (GPS) tracking." Dkt. 11-5 at 3.

His bond conditions therefore "significantly restrain" his "liberty to do those things which in this country free men are entitled to do," and that is "enough to invoke the help of the Great Writ." *Jones v. Cunningham*, 371 U.S. 236, 242–43 (1963). Moreover, although Petitioner can no longer receive the relief he originally sought—release from the Clay County Jail—he maintains that his entitled to be free from any restraint on his liberty whatsoever. Because some relief from custody remains at stake, the action is not moot. *See Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *3 (7th Cir. July 30, 2026) ("So long as a court can provide even a 'partial remedy,'" the case "is not moot." (quoting *Calderon v. Moore*, 518 U.S. 149, 150 (1996))).

## III. Merits

Petitioner argues that 8 U.S.C. § 1226(a) never authorized his detention and therefore all restraints on his liberty violate the Immigration and Nationality Act (INA) and the Fifth Amendment's due process clause. Neither claim succeeds.[1]

"On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The statute gives the Attorney General discretion to "continue to detain the arrested alien" or release the alien on bond or conditional parole. *Id.*

---

[1] To the extent Petitioner also challenges the lawfulness of his initial arrest or previous detention, he may not do so in this habeas case. "[O]nce deportation proceedings have begun the legality of the alien's detention"—or, more precisely on the facts of this case, the legality of the alien's *arrest*—"can no longer be tested by way of a habeas corpus proceeding." *Arias v. Rogers*, 676 F.2d 1139, 1143–44 (7th Cir. 1982). Indeed, in the analogous context of pretrial criminal confinement, once probable cause is established and the prosecution has commenced, the defendant's remedies are available only in the context of the criminal proceeding. *Bridewell v. Eberle*, 730 F.3d 672, 676–77 (7th Cir. 2013) ("Bridewell . . . cannot show injury. The state judge concluded that probable cause existed to find that she had shot Chandler and ordered her to be held—and also revoked her bail on the drug-distribution charge. . . . Events showed that Bridewell had been arrested properly and was not entitled to release on bail. If the police had complied with [*County of Riverside v. McLaughlin*, 500 U.S. 44, 111 (1991)], she would have learned these things a little sooner but would have remained in jail. This means that she was not injured by the delay.). Petitioner's recourse for any claim based on his arrest or previous detention lies in a different action.

Section 1226(a) applies to "admitted aliens 'who overstay or violate the terms of their visas.'" *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *5 (9th Cir. July 30, 2026) (quoting *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 499 (5th Cir. 2026)); *see also Buenrostro-Mendez*, 166 F.4th at 504–05 ("§ 1226(a) applies to admitted aliens who overstay their visas, become deportable on many different grounds, or were admitted erroneously due to fraud or some other error."). Petitioner does not dispute that he overstayed his visa. He is inarguably subject to § 1226.

Petitioner argues that his pending asylum application protects him from detention but cites no statutory authority for that proposition. He correctly observes that the receipt for his asylum application states that he "may remain in the United States until [his] asylum application is decided." Dkt. 11-1. The very next sentence, however, states: "Having a pending asylum application with USCIS does not preclude" federal immigration authorities "from placing you into removal proceedings." *Id.* By its text, § 1226(a) authorizes detention "pending a decision on whether the alien is to be removed from the United States." In short, the law allows Petitioner to be in a removal proceeding with a pending asylum application, and the law allows Petitioner to be detained during the removal proceeding.

Petitioner may or may not have an actionable claim regarding the government's failure to process his asylum application efficiently, or even according to its own timelines. But any such claim must proceed in a different forum. The pending asylum application does not protect Petitioner against a removal proceeding, and he may be detained (or released subject to bond and supervision) as the proceeding continues. Any claim regarding the adjudication of the asylum application does not challenge the fact or duration of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

This ruling conflicts with *Doe v. Jamison*, in which a district court granted release on similar facts. The *Jamison* court reasoned:

> According to the INA, the Code of Federal Regulations, and all representations to Petitioner in the course of his asylum application process, Petitioner was permitted to remain in the United States during the course of his asylum application. Under the INA, the government was required to adjudicate his asylum application before his lawful status expired. Because the government's failure to adjudicate the asylum application precipitated his detention, Petitioner's detention violates the INA.

No. CV 26-1906, 2026 WL 916568, at *7 (E.D. Pa. Mar. 31, 2026); *see also* dkt. 14 ¶ 34 (citing *Jamison*). Whether or not the government violates the INA by failing to timely adjudicate an asylum claim, the law unmistakably calls for a noncitizen who has overstayed a visa to be placed in a removal proceeding, detained, and afforded a bond hearing. *Jamison* did not wrestle with the conflict between the asylum adjudication requirements and the clear dictates of § 1226. For that reason, this Court finds *Jamison* unpersuasive.

To the extent Petitioner maintains a due process claim, it fails because he has now received exactly the process the law requires: An immigration judge heard his claim for release on bond and in fact ordered his release. *See, e.g.*, *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022) ("Rodriguez Diaz received a bond hearing approximately two months after he was detained under § 1226(a). He later sought a renewed custody hearing based on allegedly changed circumstances. Although by that point Rodriguez Diaz had been detained for approximately fourteen months, he was not without process during that time because a further bonding hearing before an IJ was available to him throughout the period of his detention upon a showing of materially changed circumstances."); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278–79 (3d Cir. 2018) ("Borbot was afforded a prompt bond hearing, as required by § 1226(a) and its implementing regulations. He appealed the rejection of his application for release to the BIA and was given an opportunity to obtain a redetermination hearing if he could show materially

changed circumstances. . . . Borbot was granted meaningful process prior to filing his habeas petition."); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1066–67 (9th Cir. 2008) (no due process violation where petitioner was released on bond under 1226(a)).

In short, § 1226(a) authorized the government to detain Petitioner for a removal proceeding. The government detained Petitioner, initiated a removal proceeding, and then heard and granted his request for release on bond. The process he received and the current restraints on his liberty both conform to the INA and the Constitution. His petition therefore must be denied.

## IV. Conclusion

The petition for a writ of habeas corpus is **denied**. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 8/17/2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Noah Hamant
Law Office of Jennifer L. Bennett
noah@jlblawgroup.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov